Jeffrey Sevier, C-28367
San Quentin State Prison
2N/83L
San Quentin, CA. 94974

FILED

2008 JAN 17 PM 3:30

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JEFFREY SEVIER,
        Petitioner

v.

ROBERT L. AYERS, WARDEN
        Respondent

No. '08 CV 0101 DMS JMA

MEMORANDUM WITH POINTS OF AUTHORITY
IN SUPPORT OF PETITION FOR WRIT OF
HABEAS CORPUS

2254 ✓   1983 ___
FILING FEE PAID
Yes ✓   No ___
IFP MOTION FILED
Yes ___   No ✓
COPIES SENT TO
Court ✓   ProSe ___

MEMORANDUM WITH POINTS OF AUTHORITY

To determine whether or not a petition is barred as "second" or "successive", the federal courts look for guidance to whether the petition would have been an abuse of writ under Pre-AEDPA case law. See (e.g. Barapino v. Reno, 225 F.3d 1100, 1111-1112 (9th Cir.2000); see also Slack v. McDaniel, 529 U.S. 473, 486, 120 S.Ct.1595, 146 L.Ed.2d 542 (2000) ("The phrase 'second or successive' is a term of art given substance in our previous habeas corpus cases"); Muniz v. United States, 236 F.3d 122, 127 (2nd Cir.2000)("We therefore answer the question of whether a petition is 'second or successive' with reference to the equitable principles underlining the 'abuse of writ' doctrine."); United States v. Barrett, 178 F.3d 34, 44 (1st Cir.1999).)

An "abuse-of-the-writ" occurs when a petitioner raises a claim that could have been raised in an earlier petition were it not for inexcusable neglect.(Mcclesky v. Zant, 499 U.S. 467, 493, 111 S.Ct.1454, 113 L.Ed.2d 517 (1991); accord Hill v. Alaska, 297 F.3d 895, 898 (9th Cir.2002). "(The abuse-of-the-writ doctrine concentrate[s] on a petitioner's acts to determine whether he has a legitimate excuse for failing to raise a claim at the appropriate time."(Id. at 490.)

The Ninth Circuit held that the fact:

> "that [petitioner] has previously filed a habeas petition does not necessarily render a subsequent petition 'second' or successive'."

(Hill v. Alaska, supra 297 F.3d at 898; accord Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.2005).)

In Stewart v. Martinez-Villareal, 523 U.S. 637, 140 L.Ed.2d 849, 118 S.Ct. !¢!*, THE United States Supreme Court held that the claim of a capital prisoner that he was insane and therefore could not be put to death was necessarily unripe

1.

until the State issued a warrant for his execution, and so the prisoner's subsequent request for consideration of that previously unripe claim wasn't "second or successive" for purposes of § 2244(b).(Id. 523 U.S. at 644-645.). Further the Martinez-Villareal Court held that:

> "the District Court ...(should have ruled) on each claim at the time it became ripe."

(Id. at 643.)

In James v. Walsh, 308 F.3d 162 (2nd Cir.2002), the James Court did not conclude that the habeas petition was second or successive, because the claim before the court did not exist until after James initial petition was adjudicated by the district court.(James v. Walsh 308 F.3d at 168.) The James Court held further that:

> "[C]laims that could not have been raised in a state prisoner's earlier petition do not implicate the gatekeeping requirements of Anti-Terrorism And Effective Death Penalty Act (AEDPA)."

(James,supra 308 F.3d at 168.)

Therefore in the instant case, where counsel on appeal in petitioner's first appeal did not raise a challenge to the violation of due process as a violation of California Contract Law, and the instant writ of error coram nobis appeal's Petiton For Review raise the issue for the first time with text and federal case law, the claims of the instant petition before this court were not ripe until after petitioner's initial petition was adjudicated by the district court.(Id. at 644-45;see also James, supra 308 F.3d at 168.)

Thus petitioner believes that the instant petition is properly presented to this Honorable Court, and prior approval from the Ninth Circuit Court of Appeal is not required.

2.

Dated:   January 4, 2007                                      Respectfully Submitted

                                                              _____
                                                              Jeffrey Sevier, C-28367
                                                              In Pro. Se.

3.

**PATRICK J. HENNESSEY, JR.**
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION

OLD TOWN PROFESSIONAL BUILDING
2356 MOORE STREET, SUITE 201
SAN DIEGO, CALIFORNIA 92110

TELEPHONE
(619) 298-7802
FACSIMILE
(619) 296-8229

January 23, 2007

Mr. Jeffrey Sevier C-2-28367
2-N-83L
San Quentin State Prison
Tamal, CA 94974

Dear Mr. Sevier:

Enclosed you will find the Order of the California Supreme Court denying the Petition for Review in your case. I have also enclosed the transcripts from the case. The time you have to file a writ in Federal Court is one year from the date the California Supreme Court denied review in your case. I am sorry our efforts on your behalf were not more successful, but wish you the best of luck.

Sincerely,

PATRICK J. HENNESSEY, JR.
A Professional Corporation

By: _____
PATRICK J. HENNESSEY, JR.

PJH:bb
Enclosure