1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SEVIER,<br><br>           Petitioner,<br><br>vs.<br><br>ROBERT L. AYERS, Warden,<br><br>           Respondent. | Civil No.   08cv0101-DMS (JMA)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, Jeffrey Sevier, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and has paid the $5.00 filing fee. This case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

### PRIOR FEDERAL HABEAS PETITION DENIED ON THE MERITS

On September 11, 2000, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus in SO. DIST. CA. CIVIL CASE NO. 00cv1829-L (LSP). (See Petition in SO. DIST. CA. CIVIL CASE NO. 00cv1829-L (LSP), filed 9/11/00.) In that petition, Petitioner challenged his sentence imposed in San Diego Superior Court case No. SCN066402. (Id. at p. 1.) On June 19, 2002, this Court denied the petition on the merits of the claims presented. (See Order filed 6/19/02 in SO. DIST. CA. CIVIL CASE NO. 00cv1829-L (LSP).) Petitioner appealed that judgment. On April 15, 2002, the Ninth Circuit Court of Appeals affirmed the judgment in an unpublished opinion. (See Order filed 4/15/04, Doc. No. 46 in SO. DIST. CA. CIVIL CASE NO. 00cv1829-L (LSP).)

## **INSTANT PETITION BARRED BY GATEKEEPER PROVISION**

Petitioner is now seeking to once again challenge his San Diego Superior Court sentence imposed in case number SCN066402 (Pet. at 1), which is the same sentence he challenged in his prior federal habeas petition. Petitioner is now attempting to present a due process challenge to the imposition of his sentence, contending that he was unaware when he pled *nolo contendere* that he would be subject to 43 years to life imprisonment, and that the violation of California contract law in his case gives rise to a federal due process violation. (Pet. at 6-7.) In his prior petition, Petitioner contended, *inter alia*, that the trial court misled him to believe that the maximum sentence he could receive was 25 years to life, and his sentence of 43 years to life therefore violated federal due process, a claim which the Ninth Circuit rejected on the merits. (See Order filed 4/15/04, Doc. No. 46 in SO. DIST. CA. CIVIL CASE NO. 00cv1829-L (LSP).) Petitioner argues that his current Petition is not second or successive because his new claim, based on California contract law, was not raised on direct appeal, and it only became ripe for federal habeas review when he recently exhausted the claim in state court, which was after his initial Petition was adjudicated by this Court. (Memorandum of Points and Authorities in Support of Petition at 2.) He contends that his original claim was based on a legal error and his new claim is based on an error of fact. (Pet. at 7.)

Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b). Petitioner now wishes to present a claim predicated on the exact same events which happened at or about the time of his plea hearing, and which once again presents a federal due process challenge based on the imposition of a sentence of 43 years to life which he contends should not have exceeded 25 years to life. Petitioner could have raised the new claim in his original petition and requested the Court to stay that action while he returned to state court to exhaust the claim. Therefore, the instant petition is considered successive under section 2244(b). See Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002) (noting that second petition is successive where claims presented therein could have been raised in prior petition).

**CONCLUSION**

Because Petitioner has indicated that he has not obtained permission from the Ninth Circuit Court of Appeals to file a successive petition (Pet. at 5), this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. (Attached for Petitioner's convenience is a blank Ninth Circuit Application for Leave to File Second or Successive Petition.)

The Clerk shall include a blank Ninth Circuit Application for Leave to File Second or Successive Petition form along with this Order and shall close the file.

**IT IS SO ORDERED.**

DATED: January 22, 2008

_____
HON. DANA M. SABRAW
United States District Judge

cc: all parties